NO. 07-01-0415-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 3, 2002

_____

BLANCA LIZETH QUACH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 176TH DISTRICT COURT OF HARRIS COUNTY;

NO. 851942; HONORABLE MARY BACON, JUDGE

_____

Before REAVIS and JOHNSON, JJ, and BOYD, SJ.[1]

On May 16, 2001, appellant Blanca Lizeth Quach was adjudged guilty of murder

and, on May 17, 2001, sentenced to 60 years confinement in the Institutional Division of

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

the Department of Criminal Justice. Appellant gave a timely notice of appeal and, under equalization of docket proceedings, the appeal was transferred to this court for disposition.

Appellant's attorney has now filed a motion to withdraw, together with an Anders brief. *See Anders v. California*, 398 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In that brief, she certifies that after careful examination of the record, she has concluded that appellant's appeal is without merit. Along with her brief, she has attached a copy of a letter sent to appellant notifying her of counsel's intent to withdraw and appellant's right to proceed pro se. This court also informed appellant by letter dated April 24, 2002, that if she wished to file a response, she had until May 22, 2002, to do so. To date, neither a response nor a motion for extension of time to file a response has been received.

In considering requests of this type, we must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support her client's appeal. After doing so, we must then determine if counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

In discussing whether any possible viable grounds for appeal exist, counsel gave a resume of the pertinent evidence and noted that she found no viable grounds for appeal. We also have made an independent examination of the entire record to determine whether

there are any arguable grounds which might support the appeal. *Staffer v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous. *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.

3